UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MICHELIN SYLVE | * | CIVIL ACTION NO. 15-4148 |
| | * | |
| | * | SECTION: "B"(1) |
| VERSUS | * | |
| | * | JUDGE IVAN L. R. LEMELLE |
| SUBSEA 7 US LLC, BP EXPLORATION & | * | |
| PRODUCTION, INC., SIEM OFFSHORE | * | MAGISTRATE JUDGE |
| REDERI AS, and OCSV SIEM STING RAY, | * | JANIS VAN MEERVELD |
| *in rem* | | |
| ************************************** | * | |

ORDER AND REASONS

Before the Court is the MOTION for Leave to File First Amended Complaint and to Strike all Jury Demands by Michaelin Sylve (Rec. Doc. 27). For the reasons that follow, the Motion is DENIED.

Background

Mr. Sylve filed this lawsuit on September 4, 2015, asserting claims under the Jones Act, the General Maritime Law, and "in the alternative, the applicable state law for supplementation of the Jones Act and General Maritime Law as appropriate," arising out of an alleged work-related accident that resulted in personal injuries and damages to Mr. Sylve. (Compl., at 2-3, Rec. Doc. 1). In the further alternative, if the Jones Act did not apply to his claims, Mr. Sylve asserts his claims under the Longshore Harbor Workers' Compensation Act and the General Maritime Law. Id. Mr. Sylve requested a jury trial. Id. at 6. Defendants Subsea 7 US LLC ("Subsea 7"), Siem Offshore Rederi AS ("Siem Offshore") and BP Exploration & Production, Inc. ("BP"), each answered separately and each requested a jury (Rec. Docs. 4, 5, 6).

The District Court issued a scheduling order requiring all pleadings, third-party actions, crossclaims, and counterclaims be filed by February 22, 2016. (Rec. Doc. 8). After a status

1

conference, the trial and discovery deadlines were continued in March 2016. (Rec. Docs. 12, 13). The deadline to amend pleadings was not extended. On July 14, 2016, the trial and discovery deadlines were once again continued. (Rec. Doc. 22). Trial is now set to begin on February 17, 2016. Id. The July 14, 2016, Scheduling Order did not extend the deadline to amend pleadings.

Mr. Sylve now moves to amend his complaint to make a Rule 9(h) admiralty election and withdraw his request for a jury. (Mo. Amend., Rec. Doc. 27). He points out that with a Rule 9(h) maritime claim, there is no right to a jury and that only a plaintiff has the right to demand a jury under the Jones Act. (Pl.'s Mem. Supp., at 2, Rec. Doc. 2). He submits that diversity jurisdiction was not plead, and that diversity is not apparent on the face of the pleadings. Id. Thus, he argues, he alone can waive his right to a jury, which he seeks to do here by making a Rule 9(h) election. He submits that the Rule 15 standard for amending pleadings applies and that, accordingly, the amendment should be allowed "when justice requires." He argues that as long as there is no prejudice to the defendants, a plaintiff is allowed to amend his complaint to change his Rule 9(h) election. Mr. Sylve adds that "[e]ven if there is some other basis for jurisdiction, the defendants do not have a right to a jury when the Plaintiff has elected to a non-jury trial under Rule 9(h)."

Defendants oppose, arguing that they have a Seventh Amendment right to a trial by jury that cannot be denied by Plaintiff's late amendment. (Defs.' Opp., at 1, Rec. Doc. 28). They concede that Mr. Sylve did not plead diversity as a basis for jurisdiction, but they submit that there is diversity in fact. They admit that diversity is not apparent from the face of the Complaint because the citizenship of Subsea 7 was not alleged, however, they attach the Declaration of Laura Butler, a Legal Director and Compliance Officer with Subsea 7, who asserts that Subsea 7 is a limited liability company with a corporation as its sole member and that the corporation is incorporated in Delaware and has a principal place of business in Texas. (Decl., Rec. Doc. 28-3). Although the

Complaint alleges the non-Louisiana citizenship of the remaining defendants, Defendants also submit evidence that Siem Offshore is incorporated and has a principal place of business in Norway and that BP is incorporated in Delaware with a principal place of business in Texas. (Andersen Decl., Rec. Doc. 28-2; La. Sec'y State Records, Rec. Doc. 28-1). Defendants point to two unpublished cases in the Eastern District of Louisiana holding that even if diversity jurisdiction is not invoked, if diversity jurisdiction exists in fact, the parties' Seventh Amendment right to a jury is triggered and if a defendant has asserted its right to a trial by jury, it cannot be deprived by the plaintiff's unilateral action in making a Rule 9(h) election. Id. at 4-7. Further, Defendants argue that because the scheduling order deadline to amend pleadings has passed, Mr. Sylve must show good cause under Rule 16 before being allowed to amend. Id. at 7. They insist that Mr. Sylve has not shown good cause and is simply seeking a bench trial because he now believes, nine months after the expiration of the scheduling order deadlines and three months before trial, that the judge will be more favorable to him than the jury. Id. at 9.

In reply, Mr. Sylve insists that this action has always been a Jones Act and admiralty action, so there is no diversity jurisdiction. (Pl.'s Rep., at 1, Rec. Doc. 33). He submits that he invoked maritime jurisdiction by asserting his claim as one under maritime law and the Jones Act, and by his filing of an in rem action and using the admiralty venue rules. Id. He points out that he prayed for prejudgment interest, a remedy only available in admiralty. Id. at 2. Therefore, he argues, Defendants have no Seventh Amendment right to a jury. He cites Becker v. Tidewater, Inc., 405 F.3d 257, 259 (5th Cir. 2005), where the United States Fifth Circuit Court of Appeals rejected defendant's argument that it had a right to a jury trial because the parties were actually diverse, holding that "it is well settled that the plaintiff is master of his complaint, and Becker has the exclusive power to invoke diversity jurisdiction." Id. at 3-4. Mr. Sylve further argues that the

3

"good cause" standard is inapplicable in the case of an amendment to make a Rule 9(h) election because the Fifth Circuit has held that the liberal standard of Rule 15 applies to Rule 9(h) elections. Id. at 4. He adds that even if "good cause" is required, he has good cause because it is solely his right to have a jury trial, and he has decided to waive that right. Id. at 5. In the alternative, Mr. Sylve argues that he is entitled to strike the jury demands without resort to amending the pleadings. Id. at 6.

In sur-reply, Defendants admit that when a claim is properly designated as an admiralty action under Rule 9(h), there is no right to a jury trial. (Defs.' Sur-reply, at 1, Rec. Doc. 35). But, they say, Mr. Sylve did not do so and instead demanded a jury and alleged the citizenship of the defendants. Id. at 1-2. They point out that Mr. Sylve did not plead the admiralty statute as a basis of jurisdiction or make a Rule 9(h) election. Id. at 3. Defendants reject Mr. Sylve's contention that the jury demand can be stricken without regard to the good cause requirement to amend pleadings after the scheduling order deadline has passed. Instead, such a motion must be considered under the rules for amending pleadings. Id. at 3-4. They also argue that a jury demand cannot be stricken where a right to a jury exists, and they insist they have a Seventh Amendment right to a trial by jury. Id.

Law and Analysis

1. *Standard of Review*

Under Federal Rule of Civil Procedure 15(a)(2), when the time period for amending a pleading as a matter of course has passed, a party may amend its pleadings by consent of the parties or by leave of court. "The court should freely give leave when justice so requires." Fed. R. Civ. Proc. 15(a)(2). Thus, the United States Court of Appeals for the Fifth Circuit instructs that the "district court must possess a 'substantial reason' to deny a request for leave to amend."

Smith v. EMC Corp., 393 F.3d 590, 595 (5th Cir. 2004). Nonetheless, "that generous standard is tempered by the necessary power of a district court to manage a case." Yumilicious Franchise, L.L.C. v. Barrie, 819 F.3d 170, 177 (5th Cir. 2016) (quoting Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 566 (5th Cir. 2003)). The court may consider numerous factors when deciding whether to grant a motion for leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 566 (5th Cir. 2003).

When the court ordered deadline for amending pleadings has passed, an amended pleading will be allowed "only for good cause and with the judge's consent." Fed. R. Civ. Proc. 16(b)(2); see S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA, 315 F.3d 533, 536 (5th Cir. 2003) ("We take this opportunity to make clear that Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired."). In determining whether the movant has shown good cause, the Court considers "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice.' " S&W Enterprises, 315 F.3d at 536 (quoting Reliance Ins. Co. v. Louisiana Land & Expl. Co., 110 F.3d 253, 257 (5th Cir. 1997)) (alterations in original). Thus, in S&W Enterprises, the Fifth Circuit affirmed the district court's denial of leave to amend because the movant had offered "effectively no explanation," additional discovery would be required, and a continuance would unnecessarily delay the trial. Id. at 536-37. "The "good cause" standard focuses on the diligence of the party seeking the modification to the scheduling order." Callais v. Susan Vizier, Inc., No. CIV. A. 99-

5

2008, 2000 WL 278097, at *4 (E.D. La. Mar. 13, 2000). Showing that the nonmovant would not suffer any prejudice is not enough. See id.

Plaintiff asserts that the Rule 15 standard applies were a plaintiff seeks to amend his pleading to change his Rule 9(h) election. Indeed, the comments to Rule 9(h) provide that

> The choice made by the pleader in identifying or in failing to identify his claim as an admiralty or maritime claim is not an irrevocable election. The rule provides that the amendment of a pleading to add or withdraw an identifying statement is subject to the principles of Rule 15.

Fed. R. Civ. Proc. 9 advisory committee's note to 1966 amendment. And in Luera v. M/V Alberta, the United States Fifth Circuit Court of Appeals held that "[a] plaintiff's Rule 9(h) election is subject to the liberal standards for amending pleadings in Rule 15(a)(2)." 635 F.3d 181, 187 (5th Cir. 2011). The Fifth Circuit explained that "[p]rovided that there is no prejudice to the court or to the defendants, a plaintiff should be permitted to amend her complaint to change her Rule 9(h) election." However, it is unclear whether the Luera amendment was sought after a scheduling order's deadline to amend pleadings had passed and the Fifth Circuit did not address the possible application of Rule 16. In an earlier case, without resorting to Rule 16, the Fifth Circuit has contemplated a heightened standard as trial approached by holding that "the plaintiff may not be permitted to 'ambush' the defendant by amending shortly before trial." Rachal v. Ingram Corp., 795 F.2d 1210, 1217 (5th Cir. 1986) (affirming the trial court's order allowing the plaintiff's amendment to assert a Rule 9(h) election and strike a jury three months before trial).

District courts have held that a plaintiff seeking to change its Rule 9(h) election after the deadline to amend pleadings must comply with Rule 16 and show good cause. Ferdinand v. Cty. of Nassau, No. CV 02-4204, 2004 WL 2996791 (E.D.N.Y. June 16, 2004) (applying Rule 16 and requiring a showing of good cause to amend a complaint to make a Rule 9(h) election where the amendment was sought one year after the scheduling order's deadline for pleading amendments);

6

Callais v. Susan Vizier, Inc., No. CIV. A. 99-2008, 2000 WL 278097, at *4 (E.D. La. Mar. 13, 2000) (applying Rule 16 and requiring a showing of good cause to amend a complaint to make a Rule 9(h) election where the amendment was sought two months after the scheduling order's deadline for pleading amendments). Although Callais was decided before the Fifth Circuit's ruling in Luera, the Court finds its reasoning persuasive here. Noting that Rule 15 generally applies to changes to an admiralty designation, the district court in Callais held that once the scheduling order's pleading amendment deadline has passed, the liberal standards of Rule 15 are only considered if the movant has satisfied the good cause standard of Rule 16. Id. The Callais court explained that good cause is required to amend scheduling order deadlines to offer a measure of certainty in pretrial proceedings. Id. (citing Parker v. Columbia Pictures Indus., 204 F.3d 326, 339–40 (2d Cir. 2000). This Court agrees and applies the Rule 16 standard here.

     Mr. Sylve fails to satisfy the good cause standard of Rule 16. He has offered no explanation for his delay or why, despite his diligence, he did not seek this amendment prior to the deadline for doing so. He seems to rely solely on the fact that the right to a jury is his alone and he has now changed his mind. However, the scheduling orders of this Court are issued to provide some certainty. The deadline to amend pleadings in this case expired almost nine months ago. Although trial is yet three months away, without some explanation of the reason for his delay, the Court cannot find good cause for the proposed amendment. Because the Court finds there is no good cause to allow the amendment, the Court does not address Defendants' alternative argument that they have a right to trial by jury even where the plaintiff has not asserted diversity as a basis for jurisdiction.

## Conclusion

For the foregoing reasons, the MOTION for Leave to File First Amended Complaint and to Strike all Jury Demands is DENIED.

New Orleans, Louisiana, this 21st day of November, 2016.

_____
Janis van Meerveld
United States Magistrate Judge